UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REGINA A. STINNETT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-406

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), the administrative record (doc. 4),[2] and the record as a whole.

### I.

#### A.     Procedural History

Plaintiff filed for DIB and SSI asserting disability as of November 1, 2007 as a result of a number of alleged impairments including, *inter alia*, Epstein Barr infection, mitral valve

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

prolapse, gastroesophegal reflux disease ("GERD"), arrhythmia, and chronic hip and back pain. PageID 34, 203-12.

After initial denial of her applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Benjamin Chaykin on August 13, 2015. PageID 47-82. The ALJ issued a written decision on September 8, 2015 finding Plaintiff not disabled. PageID 32-42. Specifically, the ALJ found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] Plaintiff "is capable of performing [her] past relevant work" as a loan officer. PageID 37-42.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 23-25. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 34-42), Plaintiff's Statement of Errors (doc. 9), and the Commissioner's memorandum in opposition (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) finding her not entirely credible; (2) posing, and relying on, one or more inaccurate hypothetical questions to the Vocational Expert ("VE"); (3) finding she could frequently climb stairs despite otherwise limiting her to sedentary work; and (4) classifying her past relevant work as a loan officer as sedentary work. Doc. 9 at PageID 427-31. (These last two arguments are interrelated).

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; correctly determined Plaintiff's RFC; posed accurate hypothetical questions to the VE; and appropriately concluded that Plaintiff can perform her past relevant work based upon the RFC

4

determined. Based on the foregoing, the undersigned finds the ALJ's non-disability finding is supported by substantial evidence.

## A. Credibility

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996).[4] In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*.

In this case, Plaintiff argues that the ALJ's credibility determination is inconsistent. Plaintiff points to the ALJ's purported "discrediting" her testimony overall, but nevertheless finding her testimony credible to some extent in concluding that the opinion of examining physician Rohn Tysen Kennington, M.D. does not fully account for her work-related limitations. *See* doc. 9 at PageID 427. Significantly, contrary to Plaintiff's contention, the ALJ did not

---

[4] Following issuance of the ALJ's decision in this case, SSR 96-7p was superseded by SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016). Courts have not applied SSR 16-3p retroactively. *See Withrow v. Comm'r of Soc. Sec.*, No. 2:15-CV-1437, 2016 WL 4361175, at *8 (S.D. Ohio Aug. 16, 2016); *Williamson v. Comm'r of Soc. Sec.*, No. 1:16-CV-583, 2017 WL 713904, at *4 (S.D. Ohio Feb. 23, 2017).

5

wholly discredit her testimony and, instead, found only that Plaintiff's statements were "not entirely credible."[5] The undersigned finds no irreconcilable inconsistency between the ALJ's finding Plaintiff not entirely credible overall, but nevertheless relying on her testimony to a limited extent -- and in her favor -- when not fully accepting Dr. Kennington's opinion. PageID 37-38, 40.

Finding no inconsistency, the Court overrules Plaintiff's alleged error in this regard.

### B.     Accuracy of the Hypothetical Questions

Plaintiff next argues that the ALJ's non-disability finding is unsupported by substantial evidence because the hypothetical questions asked of the VE at the administrative hearing did not include all of Plaintiff's work-related limitations. At Step Four, the Commissioner may rely on the testimony of a VE to find Plaintiff can perform her past relevant work where the VE's "testimony was in response to a hypothetical question that accurately reflected [Plaintiff's] impairments[.]" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 467 (6th Cir. 2003).

In this case, the ALJ ultimately determined the following RFC for Plaintiff based upon the substantial evidence of record:

> Less than the full range of sedentary exertional work except (1) no climbing of ropes, scaffolds, or ladders; (2) frequent climbing of ramps or stairs; (3) occasional stooping, kneeling, crouching, crawling and balancing; (4) sit/stand option where the claimant could sit for up to fifteen minutes of every hour standing; and (5) off task 5% of the work day in addition to normal breaks.

PageID 37. At the administrative hearing, the ALJ's hypothetical question concerned an individual limited to "sedentary exertional level work" with the following additional limitations: no climbing ropes, scaffolds, or ladders; frequent climbing of ramps and stairs; occasional stooping, kneeling, crouching, crawling, and balancing; the ability to sit 15 minutes for each hour of standing and walking; and be off task five percent of the workday. PageID 77-78. Plaintiff

---

[5] In so finding, the ALJ cited the medical evidence of record, Plaintiff's testimony concerning her daily activities, and other record evidence to support his conclusion -- reasoning Plaintiff does not challenge on appeal. PageID 38-40.

argues that there is a distinction between the ALJ's hypothetical question asked of the VE -- inquiring about an individual who could perform sedentary exertional level work -- and the RFC finding that Plaintiff can perform less than a full range of sedentary work.

Plaintiff argues that the RFC limiting her to "less than the full range of sedentary exertional work" is more restrictive than the hypothetical question asked of the VE at the administrative hearing -- in which the VE was asked about whether individual limited to sedentary work and other restrictions could perform Plaintiff's past-relevant work. Doc. 9 at PageID 428. Therefore, based on this purported inaccurate hypothetical question, Plaintiff contends that substantial evidence does not support the ALJ's conclusion that she can perform her past relevant work as a loan officer. *Id*

The Court finds no material distinction between the RFC finding and the ALJ's hypothetical question to the VE. The full range of "sedentary work" is defined in the Commissioner's regulations as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools[,]" as well as walking and standing occasionally. 20 C.F.R. § 404.1567(a); *see also* SSR 96-9P, 1996 WL 374 185, at *3 (July 2, 1996). This definition of "sedentary work" in the regulations addresses only an individual's abilities with regard to physical exertion, and does not address non-exertional limitations, "such capacities as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling." SSR 96-9P, 1996 WL 374185, at *5-9; *see also* 20 C.F.R. § 404.1567.

The full range of sedentary work can be eroded to less than a full range of sedentary work where exertional limitations are greater than those set forth in 20 C.F.R. § 404.1567(a) -- such as, here, with the inclusion of a sit/stand option, or, as here, where an individual has significant non-exertional limitations. *See* SSR 96-9P, 1996 WL 374185, at *7-9. Thus, in this case, both the

RFC and the hypothetical question included the same specific limitations and, based upon those limitations, involved less than a full range of work at the sedentary level. Accordingly, Plaintiff's alleged error in this regard lacks merit.

> C. **Frequent Climbing of Stairs and the Ability to Perform Past Relevant Work as a Loan Officer**

Plaintiff argues that the RFC finding relating to her ability to climb stairs -- namely, that she is able to frequently do so -- is inconsistent with a limitation to sedentary work which, as noted above, involves only occasional walking and standing. *See* 20 C.F.R. § 404.1567(a). Plaintiff also argues that the ALJ erred when finding her capable of performing her past relevant work as a loan officer because her experience performing such work required more than the frequent climbing of stairs. Doc. 9 at PageID 430.

First, even assuming, *arguendo*, that an inconsistency exists in the ALJ's RFC finding concerning her ability to frequently climb stairs despite being able to only perform sedentary work, the Court finds any such error harmless. The description of the loan officer position in the Department of Labor's Dictionary of Occupational Titles ("DOT") states that such a job requires no ability to climb stairs. DOT § 186.267-018, 186.267-018, 1991 WL 671342 (Jan. 1, 2016).

Second, with regard to Plaintiff's ability to perform her past relevant work as a loan officer, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform" either "(1) [t]he actual functional demands and job duties of a particular past relevant job; *or* (2) [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See* SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982) (emphasis in original). An ALJ is entitled to rely on DOT "descriptions . . . to define the job as it is *usually* performed in the national economy." *Id*. at *2 (emphasis in original). Because the DOT description of the loan officer position requires no ability to climb

stairs, the ALJ committed no error in finding Plaintiff not disabled based upon her ability to perform the loan officer position as that job is usually performed in the national economy.

**IV.**

Accordingly, based upon all of the foregoing, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   September 12, 2017              s/ Michael J. Newman
                                                            Michael J. Newman
                                                            United States Magistrate Judge